UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 22-38-DLB-CJS

VERNOICA JANSON                                                                 PLAINTIFF

v.                        **MEMORANDUM OPINION AND ORDER**

KING TAYLOR                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

**I.   INTRODUCTION**

This matter is before the Court upon *pro se* Defendant King Taylor's Motion to Dismiss and/or Motion for Summary Judgment (Doc. # 5), Motion to Change Venue and/or Motion to Dismiss (Doc. # 8), and his additional Motion to Dismiss (Doc. # 12). Plaintiff Vernoica Janson has also filed a Motion for Judgment on the Pleadings (Doc. # 10). Because the pending motions have either been responded to or the time for a response has expired, they are now ripe for the Court's review. (Docs. # 7, 9, and 13). For the reasons stated herein, all pending motions are **denied**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

In her Complaint, Janson alleges that Taylor accused her husband of driving drunk and hitting Taylor's parked vehicle. (Doc. # 1 ¶ 4). Janson further alleges that Taylor filed suit in Kenton County District Court, posted that complaint on his Facebook page, and that the matter was eventually dismissed. (*Id.* ¶¶ 5, 10). Taylor also allegedly posted a form he filed with the Kentucky Transportation Cabinet in which he requested Janson's title and insurance information as well as her certificate of registration. (*Id.* ¶¶ 6-8). As a

1

result, Janson alleges one violation of the Driver's Privacy Protection Act of 1994 (18 U.S.C. §§ 2721-2725) for Taylor's alleged disclosure of Janson's personal information from a motor vehicle record for an unlawful purpose. (*Id.* ¶¶ 14-16).

### III.  ANALYSIS

#### A.  Standard of Review

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011); *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). As the Supreme Court explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding a motion for judgment on the pleadings, the court must accept "all well-pleaded material allegations of the pleadings of the" non-moving party as true. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). However, as with a 12(b)(6) motion, this assumption of truth does not extend to "legal conclusions or unwarranted factual inferences." *JPMorgan*, 510 F.3d at 581-82 (citation and internal quotation marks omitted). The court should grant a 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582.

### B.     Plaintiff's Motion for Judgment on the Pleadings

In her motion, Janson argues that Taylor has admitted to violating the Driver's Privacy Protection Act ("DPPA") and relies on excuses or privileges for his conduct that are irrelevant to the alleged violation. (Doc. # 10 at 6). Janson posits that this matter is straightforward: the DPPA prohibits disclosure of personal information, including the person's name and address, Taylor requested this information, and then disseminated it for an unlawful purpose. (Doc. # 10 at 6-7). Taylor responds that the documents presented on his social media were correspondence between himself and an insurance company and that Janson's exhibit styled as his Facebook posts (Doc. # 1-2) is suspect because it lacks a URL link indicating the origin of the photos. (Doc. # 12 at 5-6).

The DPPA does allow disclosure of personal information for use in connection with a civil proceeding in state court, as the parties note was the case here. 18 U.S.C. § 2721(b)(4); (Docs. # 1 ¶ 5 and 5 at 2). Yet, the statute also makes clear that it is unlawful for a person to knowingly obtain and disclose someone's personal information from a motor vehicle record except for one of the permissible uses listed in § 2721(b). 18 U.S.C. § 2722(a). The only possible permissible uses that Taylor could invoke are under either 18 U.S.C. §§ 2721(b)(13) or (14) which permit disclosure with the consent of the individual or for any other use authorized under Kentucky law related to the operation of a motor vehicle or public safety. Neither of these permissible uses seem relevant to this matter, especially since Janson clearly has not consented to the disclosure of her information, and Taylor invokes neither permissible use.

However, Taylor is correct that the exhibit alleged as his Facebook posts containing Janson's information does not indicate any origin of the images. The exhibit

3

contains only photos of Janson's information, without any website, post, profile, or online information included. (*See* Doc. # 1-2). Janson argues that Taylor has admitted to posting the information to his Facebook account (Doc. # 10 at 7) but that is not the case. While Taylor's position is seemingly inconsistent, he does not outright admit to posting Janson's information.[1] At this stage of the proceedings, it would be inappropriate for the Court to take Janson's assertion that the photos attached to the Complaint were Taylor's Facebook posts as true, especially given that Janson is the moving party. *See Tucker*, 539 F.3d at 549. Because this material issue of fact exists, *i.e.* whether Taylor posted Janson's information obtained from motor vehicle records to his Facebook account, Janson's Motion for Judgment on the Pleadings (Doc. # 10) is **denied**. See *JPMorgan*, 510 F.3d at 582 (noting that a motion for judgment on the pleadings should be granted when no material issue of fact exists).

    **C.    Defendant's Motion for Dismissal and/or Summary Judgment**

Defendant Taylor requests that the Court dismiss this matter because none of Janson's personal information was posted to his Facebook account. (Doc. # 5 at 2-3). Taylor seemingly argues that his Facebook page is private and that whoever retrieved "this false information" to deter Taylor's appeal from the dismissal of his state court suit will be the subject of a counterclaim for retrieving information from his "private social media internet domain." (*Id.* at 3). Taylor also argues that he was not properly served under the requirements of Rule 4 of the Federal Rules of Civil Procedure because the

---

[1] While Taylor argues that Janson's exhibit alleged as his Facebook posts (Doc. # 1-2) are not verified, he also argues that his Facebook page is private and that Janson or an unknown source violated "the Federal Trade Commission Privacy Policy Act of 1974," by obtaining information from his private Facebook page. (Docs. # 5 at 8 and 12 at 5). This does not amount to Taylor admitting to posting Janson's information on his Facebook account because he explicitly denies violating the DPPA throughout his filings.

summons does not contain the signature of either party. (*Id.* at 5). He further argues that the only way he can receive an unsigned summons is if he is an employee of the United States government. (*Id.*) Janson responds that Taylor does not support his argument for dismissal with any law nor does he prove that he did not violate the DPPA. (Doc. # 7 at 5-7). Janson further argues that Taylor was properly served. (*Id.* at 7).

The Court finds that dismissal of this action would be premature. Indeed, the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Taylor concedes that he did in fact request Janson's motor vehicle records. (Doc. # 5 at 2). Janson has attached photos of the alleged information but has not established that they were posted on Taylor's Facebook account. (Doc. # 1-2). If the Court accepts Janson's assertions as true, then there is certainly a claim for relief that is plausible on its face, that is, if Taylor obtained the information and posted it to his Facebook that would be an impermissible purpose under federal law in violation of the DPPA. Therefore, dismissal is inappropriate at this stage.

As for Taylor's argument regarding service, Janson has complied with the requirements of Rule 4. Janson attached her proof of service to the Complaint (Doc. # 1-4) and provided a completed AO 440 form (Doc. # 7-1 at 1) in which it is indicated Taylor was served at his address. Taylor is incorrect that hand delivery constituted improper service. Hand delivery is a normal manner in which service of process occurs and Taylor has not provided any support for his assertion that he was incorrectly served. Therefore, Taylor's Motion for Dismissal and/or Summary Judgment is **denied**. (Doc. # 5).

### D. Defendant's Motion for Change of Venue and/or Dismissal

In a separate motion, Defendant Taylor requests a change of venue because of (1) a "fiduciary duty" between Janson and her insurance provider; (2) the presiding judges in this matter have been the presiding judges in four different civil matters in which he has not been successful in seeking relief; (3) his appeal is pending in state court; (4) Taylor "does not want to continue to be [] extorted which is a crime in a federal court of law"; and (5) he reiterates that he was not properly served. (Doc. # 8 at 1-4). Janson disagrees that venue is improper. (*See generally* Doc. # 9).

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When analyzing a motion to transfer under § 1404(a), courts in this district utilize the following nine factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Conrad v. Transit Auth. of N. Ky.,* No. 19-23-DLB-CJS, 2019 WL 6829952, at *2 (E.D. Ky. Dec. 13, 2019) (citations omitted); *see also Bell v. Jefferson*, No. 5:18-CV-032-CHB, 2019 WL 4017241, at *8 (E.D. Ky. Aug. 26, 2019). Section 1404(a) places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Reese*

6

*v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) ("As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate.").

The moving party carries the burden of showing that the nine factors strongly support transfer, *Conrad*, 2019 WL 6829952, at *3, because § 1404(a) "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Barrack*, 376 U.S. at 645-46. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Cowden*, 2019 WL 715850, at *2 (internal bracket omitted) (quoting *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951)). In short, Taylor carries the burden of showing these factors *strongly* support his request to change venue.

Unfortunately for Taylor, none of his arguments speak to these factors nor provide a compelling reason this matter should be transferred to another court. First, he does not explain how any fiduciary duty is relevant to venue. Second, the outcome of prior lawsuits before this Court has no bearing on proper venue in this matter. Third, his state court appeal does not implicate this matter because that matter pertains to who allegedly hit Taylor's car, not whether Taylor posted Janson's information online after obtaining it through motor vehicle records. Taylor's fourth argument regarding extortion is neither developed nor explained in any meaningful way. Fifth, Taylor's argument regarding service of process has already been previously addressed. Taylor has completely failed to carry his burden and show how any of the above factors weigh in his favor or what alternative court would provide a proper venue. Therefore, his Motion for Change of Venue and/or Dismissal is **denied**. (Doc. # 8).

### E. Defendant's Second Motion to Dismiss

In a separate filing, styled as a Motion to Dismiss, Request of Change of Venue, Improper Summons, Limiting Evidence that is not [Admissible] Against Other Parties or for Other Purposes, Taylor reiterates similar arguments previously addressed. The Court will treat this motion as a second Motion to Dismiss. (Doc. # 12). Taylor objects to Janson's counsel's unknown bar "affiliation number along with credentials." (Doc. # 12 at 3). He also requests dismissal of this action because there has been no evidence presented that he has violated the DPPA, specifically objecting to the exhibit of his alleged Facebook posts because they lack proof of where the photos were retrieved. (*Id.* at 5-6). Janson responds that Taylor does not provide any legal basis for his objection regarding counsel's credentials or why it is grounds for dismissal of this action and that his credentials are at the bottom of each his filings. (Doc. # 13 at 4). Janson also responds that the photos do constitute evidence of Taylor's posts containing Janson's personal information. (*Id.* at 4-5).

First, Janson is correct that Taylor has provided no basis for his objection to counsel's credentials. Indeed, nothing other than his sentence stating his objection provides any reasoning or argument supporting the objection. The Court will disregard this argument. As for his argument that no evidence has been provided that he has violated the DPPA, the Court has already addressed why dismissing this action at this stage would be inappropriate because Janson has stated a claim for relief that is plausible on its face. Therefore, Taylor's Second Motion to Dismiss is **denied**. (Doc. # 12).

### IV.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)   Plaintiff Janson's Motion for Judgment on the Pleadings (Doc. # 10) is **denied**;

(2)   Defendant Taylor's Motion for Dismissal and/or Summary Judgment (Doc. # 5), Motion for Change of Venue and/or Dismissal (Doc. # 8), and Second Motion to Dismiss (Doc. # 12) are **denied**;

(3)   In recognition of Defendant Taylor's pro se status, and because he has effectively denied the allegations in the Complaint through his various filings, **within twenty-one (21) days from the date of the entry of this Order**, the parties, or, if represented by counsel, through their counsel, shall meet, either in person or by telephone, to discuss the nature and basis of their claims and defenses, and the possibilities for a prompt settlement or resolution of the case, and to develop a proposed discovery plan; and

(4)   Within **ten (10) days after the meeting**, the parties shall file a **joint status report** containing their proposed discovery plan.  Should the parties find that a joint report is not possible, the parties shall each file individual reports which the Court shall entertain for the purposes of setting out its Scheduling Order or other appropriate Order.

This 18th day of January, 2023.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Cov2022\22-38 MOO .docx